# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BEST,<br>　　　*Plaintiff*<br><br>v.<br><br>GREEN DOT CORPORATION,<br>　　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:23-CV-01237-DII-SH |

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed October 10, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether this case should be dismissed as frivolous under 28 U.S.C. 1915(e) pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for cases assigned to Austin Docket II. Dkt. 4.

### I.　Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Standard of Review

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's *pro se* status does not offer him an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Analysis

Plaintiff alleges he discovered on September 1, 2023 that Defendant Green Dot Corporation had electronically transferred $1400 from his account to "another person" without his

2

authorization. Dkt. 1 ¶ 2. Plaintiff alleges that he notified Defendant of the unauthorized transaction, but Defendant refused to investigate or return his funds. *Id.* ¶ 3. Plaintiff alleges that Defendant's actions violate the Electronic Funds Transfer Act, 15 U.S.C. § 1693; the Wire Fraud Act, 18 U.S.C. § 1343; and his due process and equal protection rights under the Civil Rights Act.

Before the Court is able to determine whether Plaintiff's claims survive frivolousness review, the Court needs further information from the Plaintiff. The Court **ORDERS** Plaintiff to file a More Definite Statement by **November 6, 2023**, answering the following questions:

1. What is your relationship with Green Dot Corporation?

2. What kind of consumer account do you have?

3. When did you notice the alleged unauthorized transaction on your account?

4. When did you notify Green Dot Corporation of the alleged unauthorized transaction? Did you notify Green Dot Corporation orally or in writing? If you notified Green Dot Corporation orally, did it ask you for written confirmation?

5. Did your notification to Green Dot Corporation identify your name, account number, the amount of the alleged error, and why you believe that an error occurred?

6. Did Green Dot Corporation investigate the alleged error? If so, did it report or mail you the results of such an investigation?

7. Did Green Dot determine that an error occurred on your account? If so, did it correct the error? If it determined that an error did not occur, did it notify you? If so, when?

8. Do you have any other pending or previous lawsuits against Green Dot Corporation? If so, provide the details of the lawsuit(s).

9. Describe in more detail the IRS's alleged involvement in your case.

If Plaintiff does not respond in full by the deadline, the Court will recommend dismissing this case for failure to prosecute.

**SIGNED** on October 24, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE