# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BEST,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:23-CV-01237-DII-SH |
| GREEN DOT CORPORATION,<br>*Defendant* | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE UNITED STATES DISTRICT COURT**

Now before the Court are Plaintiff's Complaint, filed October 10, 2023 (Dkt. 1), and More Definite Statement, filed November 6, 2023 (Dkt. 6). The District Court referred this case to this Magistrate Judge for Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order with regard to cases assigned to Austin Docket II. Dkt. 4.

On October 24, 2023, the Court granted Plaintiff Timothy Best *in forma pauperis* status and ordered him to file a more definite statement so that the Court could complete its frivolousness review. Dkt. 5. The Court has reviewed Plaintiff's More Definite Statement and conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

### I. Legal Standard

In 1892, Congress enacted the *in forma pauperis* statute, now codified at 28 U.S.C. § 1915,

> to ensure that indigent litigants have meaningful access to the federal courts. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To prevent such abusive litigation, § 1915(e) authorizes a federal court to dismiss a claim filed *in forma pauperis* "at any time" if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissals on these grounds often are made *sua sponte* before process issues, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

The Fifth Circuit has "repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019). Dismissals as frivolous or malicious "should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice." *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

### II. Review of Plaintiff's Complaint under § 1915(e)

Plaintiff, a resident of Winterville, North Carolina, alleges that the Internal Revenue Service ("IRS") improperly transferred his "stimulus checks" from 2019 through 2022 to Green Dot Corporation ("Green Dot"), which in turn transferred those checks to another person without his permission. Dkt. 1 ¶¶ 2-5. Plaintiff alleges that the IRS and Green Dot's actions violate the

Electronic Funds Transfer Act, 15 U.S.C. § 1693; the Wire Fraud Act, 18 U.S.C. § 1343; Title VII of the Civil Rights Act; and his due process and equal protection rights under the United States Constitution.

This is not the first time that Plaintiff has raised these allegations in federal court. Plaintiff previously sued the IRS and Green Dot in the Eastern District of North Carolina on the same facts. *Best v. Green Dot Corp.*, No. 4:22-cv-00146-FL (E.D.N.C. Nov. 29, 2022); *Best v. Dept. of the Treasury, Internal Revenue Serv.*, No. 4:23-cv-00087-D-RJ (E.D.N.C. May 19, 2023). Both cases were dismissed with prejudice for failure to state a plausible claim for relief. Plaintiff appealed the dismissal of the latter suit, and that appeal is pending before the United States Court of Appeals for the Fourth Circuit. *See* No. 4:23-cv-00087-D-RJ, Dkt. 14.

An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Shakouri*, 923 F.3d at 410; *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Because Plaintiff is attempting to relitigate previous unsuccessful claims against the same defendants, the Court recommends that Plaintiff's suit be dismissed as frivolous and malicious. *See Shakouri*, 923 F.3d at 411 (affirming dismissal of case as malicious under § 1915(e)(2)(B) when suit was duplicative of plaintiff's prior litigation); *Wilson*, 878 F.2d at 850 ("IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."). In addition, the Court lacks jurisdiction over Plaintiff's claims against the IRS because those claims are pending before the Fourth Circuit. *See Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) ("District courts lack power to alter the status of a case as it rests before the Court of Appeals.") (cleaned up).

### III. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint with prejudice as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B).

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 20, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE